## STATE OF NEW JERSEY, EX REL. JOHN H. DOREMUS ET AL., RELATORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC ET AL.

Argued February Term, 1914—Decided June 23, 1914.

*Pamph. L.* 1913, *p.* 502, which authorizes counties to make appropriations for the purchase of armory sites, does not by reason of the limitations contained in its title extend to the issuing of bonds for that purpose.

---

On rule to show cause why *mandamus* should not issue.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the relators, *Whitehead & Appleton.*

For the defendants, *J. Willard De Yoe.*

The opinion of the court was delivered by

MINTURN, J. This rule is issued for the board of chosen freeholders of the county of Passaic, and the individual members thereof, to show cause why they should not be compelled to purchase a tract of land in the city of Passaic, for the erection of an armory for the State of New Jersey.

The act under which the relators seek to compel the purchase is chapter 266 of the laws of 1913. *Pamph. L., p.* 502.

The title of the act reads as follows: "An act to provide for the purchase or condemnation of sites for armories in any county of this state for the erection and equipment of such armories, and making appropriations therefor."

To warrant the issuing of a peremptory *mandamus* the legal right of the relator must be clear. *Huggs* v. *Camden,* 39 *N. J. L.* 620.

The act under which it is sought to compel the county to appropriate money or issue bonds in the absence of an appropriation for the purpose in view, is limited in its scope and operation by the language of its title. *Daubman* v. *Smith,* 47 *N. J. L.* 200.

Its title provides that the method of meeting the cost of the public work described in the act shall be by "making appropriations therefor." The word "appropriations" has a well-defined meaning in law and practice in contradistinction to bonds as a method of payment of public obligations. The act quite obviously, therefore, does not authorize the payment of the cost of the purchase of the desired land by an issue of bonds.

The case shows that there is no fund at the command of the freeholders from which the costs of the purchase may be appropriated and paid; and hence, that the only method of payment to which the relators can have recourse is that of issuing bonds. Since that method of payment is not within the purview of the title of the act, the application must fail, because of the absence of power to authorize it.

The legal right not being clear, the application for a *mandamus* must be denied.